IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHLOE VERNELL EVANS, #0194674 | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3: 26-cv-00940-E-BW |
| LEGACY AT CORSICANA, ET AL., | § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, this pro se civil action was referred to the United States magistrate judge for judicial screening including the entry of findings and a recommended disposition where appropriate.  Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITHOUT PREJUDICE** as duplicative of a pending case.

## I.  BACKGROUND

On March 23, 2026, Plaintiff Chloe Vernell Evans filed a pro se civil rights complaint purporting to assert claims under 42 U.S.C. § 1983 against numerous state and local officials, including jail personnel, county officials, and judicial officers, and against healthcare providers.  (Dkt. No. 3 at 1-4.)

Liberally construed, Evans alleges that, beginning in October 2025, Defendants engaged in a wide-ranging conspiracy to violate her constitutional rights by restricting her communications while incarcerated in the Limestone County jail, interfering with her access to courts, and facilitating the unlawful control and

1

disposition of her grandmother's property and medical care.  Evans further claims that Defendants retaliated against her for filing complaints with various agencies, denied her access to mail and telephone communications, and participated in judicial proceedings that resulted in the appointment of counsel and other actions allegedly taken against her wishes.  She seeks injunctive relief, release or transfer from custody, return of property, and monetary damages.

## II. LEGAL STANDARDS AND ANALYSIS

Because Evans did not pay the filing fee, the Court presumes that she seeks leave to proceed in forma pauperis.  As a result, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Those statutes provide for the sua sponte dismissal of a complaint if the Court finds that it is frivolous or malicious.  The Court is therefore "statutor[ily] mandate[d] to dismiss a complaint whenever it becomes apparent to the court that no claim for relief is stated."  *Harmon v. Nguyen*, No. 3:14-cv-2038-D-BN, 2016 WL 750923, at *5 (N.D. Tex. Feb. 4, 2016) (quoting *Moore-Bey v. Cohn*, 69 F. App'x 784, 787-88 (7th Cir. 2003)), *rec. adopted*, 2016 WL 740381 (N.D. Tex. Feb. 25, 2016).

**A.      Plaintiff's pleadings are considered malicious and subject to dismissal**

Although Evans purports to assert claims under 42 U.S.C. § 1983, her complaint fails before the merits of her allegations are considered.  Evans has already filed a nearly identical action, which is currently pending in the Western District of Texas.  *See Evans v. Legacy at Corsicana Rehabilitation, et al.*, No. 6:26-CV-00190, (W.D. Tex. Mar. 24, 2026).  Because Evans' complaint appears to duplicate claims

2

already pending in another federal action, the Court turns to whether dismissal as malicious is appropriate.

"A complaint is malicious if it duplicates claims involving the same series of events and allegations of many of the same facts asserted by the same plaintiff in prior or pending litigation." *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (citing *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)); *see also Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) ("We have repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff." (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988))).

Moreover, "[r]eading *Pittman* and *Wilson*[ *v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989),] in conjunction, it is clear that the Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of *res judicata*, whether or not the prior litigation has ended unsuccessfully for the plaintiff." *McGill v. Juanita Kraft Postal Serv.*, No. 3:03-cv-1113-K, 2003 WL 21355439, at *1 (N.D. Tex. June 6, 2003), *rec. accepted*, 2003 WL 21467745 (N.D. Tex. June 18, 2003). In other words, a duplicative complaint is properly considered malicious because it seeks to relitigate claims arising from the same nucleus of operative facts, even where the earlier action remains pending.

Here, Evans' complaint arises from the same nucleus of operative facts as her pending action in the Western District of Texas. The claims, parties, and underlying events substantially overlap, if not identical. And, although the Court must liberally

construe pleadings filed by pro se litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"), Evans's complaint raises no claims that are not already pending in Case No. 6:26-CV-00190 in the Western District of Texas. Because this action merely repeats those claims, dismissal as malicious is warranted.

**B.     Leave to amend is not warranted**

Ordinarily, a pro se plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, Evans has failed to state any claim that is not already pending in another district. Under the most deferential reading of her complaint, it is highly unlikely that, given the opportunity, Evans could allege any viable claim in this Court. Accordingly, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay. Nevertheless, Evans will have an opportunity to object to this recommendation withing the applicable 14-day period to respond.

## III.   RECOMMENDATION

Under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(i), the Court should dismiss without prejudice Evans' complaint as duplicative and malicious.

**SO RECOMMENDED** on April 9, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).